IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIM. NO.  JKB-15-0566 |
| **GREGORY GEORGE BRANCH,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The Defendant Gregory George Branch was sentenced to a period of 130 months' imprisonment (to run concurrent with five other sentences of 130 months' imprisonment) after he pleaded guilty to several counts of robbery.  Branch has filed a Motion for Compassionate Release (ECF No. 38) in light of the Coronavirus, known as COVID-19, Pandemic Crisis.  *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020).  He is currently in the custody of the Bureau of Prisons at FCI Petersburg.  (Motion at 3.)  No hearing is necessary.  *See* Local Rules 105.6, 207 (D. Md. 2018).  For the reasons set forth below, the Motion will be DENIED.

Branch argues that he is eligible for home detention pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136 (2020).  Branch does not identify any specific provisions under which he is seeking relief.  It is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c).  That section specifically provides that "[t]he authority under this subsection may be used to place a prisoner in home confinement for the shorter of ten percent of the term of imprisonment of that prisoner or six months."  Though § 12003(b)(2) of the CARES Act states that during the COVID-

19 emergency period, "the Director of the Bureau [of Prisons] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" pursuant to § 3624(c)(2), this authority is given to the Bureau of Prisons, and not to the courts.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Branch's legitimate concerns about his living situation. However, this Court is limited by the existing statutory authority in the relief it may grant.

Accordingly, Branch's Motion for Compassionate Release is DENIED. The Court urges Branch to take up his concerns regarding credit received for state time served with the administration of FCI Petersburg.

DATED this 12th day of May, 2020.

BY THE COURT:

/s/

James K. Bredar
Chief Judge